

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) No. 4:18-CV-154-A |
| | ) (4:16-CR-132-A(30)) |
| SHAUNA LYNN VICKERS | ) |

*****************************************************************
VICKER'S RESPONSE TO THE GOVERNMENT'S OPPOSITION PURSUANT TO HER
28 U.S.C. 2255
*****************************************************************

Comes now, petitioner, Shauna Vickers, responding to the government's opposition to her grounds for relief. She prays that this court finds favor and grants an evidentiary hearing to prove that there were material facts in dispute beyond the record.

## DIRECT APPEAL

Vicker's argues that counsel's consultation was very minimal. She states that she did sign, however, the form was signed unknowing and unintelligently. Given Vickers 5th grade level education, history of drug abuse, and memory loss, she signed the waiver based upon counsel's response that I would not be able to retain any relief. Full information requires more than advice that an appeal is available. The Constitution requires that consultation consists of an "honest" effort to determine the client's best wishes, of which Vickers was denied. United States v Dorsey 2014 LEXIS 98622 5th Circuit.

Vicker's states that after sentencing, is when she was afforded the opportunity to review her appeal rights. Nothing was discussed with her prior to the date of sentencing about an appeal by counsel nor the court. There is nothing provided in the record that states that she was properly consulted. The only record of a discussion of an appeal is the court's brief admonition of her appeal rights, which is not what the The Supreme Court classifies as proper consultation. Flores v Ortega. His opinion that Vickers would whether or not

an appeal would be successful was a decision that should be made by the appeals court. Furthermore, based on the sentence that Vickers received, it would be a reasonable that she would like to pursue any route that would entitle her to some type of relief.

She asserts that she gave instructions to counsel to file an appeal, because of her dissatisfaction with the sentence she received. It was counsel who coerced her into waiving her rights to appeal thus depriving her of an entire judicial proceeding. His decision to do this was unprofessional and ineffective.

Because there is no objection or no affidavit provided by counsel to dispute the accusations, an evidentiary hearing should be granted to make findings of fact and conclusions of law with respect thereto. (Townsend v Sain, 372 U.S. 293, 312, 83 S. Ct 745, 756 L.Ed. 2d 770(1963)

In conclusion, when a defendant loses the opportunity to appeal due to constitutionally defective counsel, he should be put back in the position he would have been in had counsel properly consulted and filed an appeal. (McClever v United States, 307 F.3d 1327, 1331 (11th Circuit 2002)). Vickers is requesting that this court follow the U.S.A.O in the Western District's policy and not object to reinstating judgement so that a direct appeal can be timely filed.(United States v. Barfield Lexis 180513 5th Circuit 2015)

FAILURE TO OBJECT TO THE PSR

A PSR is not evidence and not legally a sufficient basis for finding on contested issues of material fact. (United States v Webster 788 F.3d 891 8th Circuit 2015). Any fact that is not contested by the defendant should, at a minimum, be sufficient indicia of reliability. U.S.S.G. 6A1.3(a)(United States v Zuniga 720 F.3d 587, 590-91 5th Circuit 2013)

Because of counsel's failure to object to the PSR, does not constitute an admission of facts set forth in the PSR for the purposes of Booker. (United States v Booker, 543 U.S. 220, 125 S. Ct, 160 L.ed. 2d 621(2005)) To infer, presume, or deem a fact admitted because a defendant has remained silent, is contrary to the 6th amendment. (United States v Milam 443 F.3d 382 387 4th Circuit)

Vickers asserts that she spoke with counsel regarding objections to several

statements made by co-defendants that increased her base offense level. He explained to her that if she objected, she would lose acceptance of responsibility and it would decrease my chances for a variance sentence. His failure to act on my behalf demonstrated that he was not aware of the proper analysis of certain enhancements the he indeed could have objected to. (United States v Carthorne 2017 BL 457544, 4th Circuit No. 16-6 15) Had counsel objected to the uncorroborated statements given by co-conspirators, the drug quantity, and the enhancements, it would have shown counsel's competence and his willingness to provide effective counsel.

FIREARM ENHANCEMENT

The U.S.S.G. states under 2D1.1(b)(1) a defendant's guidelines offense level may be enhanced under 2D1.1(b)(1) if the possession of a firearm by a co-conspirator was reasonably forseeable. The district court must find by a preponderance of evidence that the defendant possessed the weapon and that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. The dispositive factor is accessibility of the weapon to the defendant unless it is clearly improbable that the weapon was connected to the offense. United States v Hooten, 942 F.2d 878, 882(5th Circuit 1991) In a conspiracy case, the enhancement may be applied if the firearm is found in a place where acts in futherance of the conspiracy took place (United States v. Lane 340 Fed Appx 575 5th Circuit 2009

Vickers believes that counsel's failure to object to the enhancement, deems that his performance fell below a reasonable standard. His failure to argue that the PSR did not meet the requirements to apply the enhancement prejudiced Vickers. In United States v Gallo, 195 F.3d at 1284 11th Circuit __ ) the court had to prove that the possession was in furtherance of the conspiracy, that Vickers was a member of the conspiracy at the time of the possession, and that Bentley's possession was reasonably forseeable to Vickers. Her "mere" presence at the residence where incendiary devices, drugs, and several rounds of ammunition were found, does not support the enhancement. There were no firearms or dangerous weapons found in Bentley's residence.———(Page 10) of the government's brief) There is no "actual" drug listed in the brief that ties with the offense charged.

His failure to object to the PSR which included false information constituted

performance that was not within the requisite range of competence. His failure to object increased her base offense level by 2. United States v Stricklin 290 F. 3d 748 (5th Circuit 2002) Had counsel objected, her base offense level would have been lower. In addition, she would have had the opportunity to dispute the uncorroborrated statements given by co-conspirators provided in the PSR in exchange for leniency and reduced sentences. The statements given by Hawkins in the PSR should have been deemed incredible. At this point, the only remedy that Vicker's can pursue is through this motion which allows one to attack the sentence and request that this court grant an evidentiary hearing so that she may testify to counsel's ineffectiveness during critical stages of the court proceedings.

In Molina-Martinez v United States 194 L.ED 2d 444(2016) the Supreme Court determined that if the court relied on information that was incorrect and if that iformation affected the correct U.S.S.G it is enough to show an effect on the defendant's substantial rights.

In conclusion, because of the incorrect guideline enhancements (possession of dangerous weapon, importation) and the drug quantity which Vickers asserts were not reasonably forseeable to her (United States v Valdez 453. F. 3d 252 2006 5th Circuit) and from a conspiracy she was not apart of, she is respectfully requesting that this court grant an evidentiary hearing because the movant has established facts warranting relief under § 2255. (Fontaine v United States, 411 U.S. 213, 215, 93 S.Ct 1461, 1463, 36 L.Ed.2d 169 (1973)

Vickers was indeed prejudiced by counsel's actions. He took advantage of her and misled her throughout the plea, reviewing of the PSR, sentencing, and post conviction proceedings. The fact that she suffers from a serious health condition, memory loss, and the fact that she has a 5th grade level of education was known by counsel. None of this was taken into consideration before he railroaded her into signing an appeal waiver and when he misinformed her into believing that there was no need in filing objections and if she did she would lose acceptance of responsibility. But for counsel's failure, the proceedings would have been different.

I declare under penalty of perjury that the above statements made are true and correct.

*Shauna Vickers*
Shauna Vickers

### ii. Dangerous-Weapon Enhancement

Vickers alleges her attorney was ineffective by failing to object to the two-level enhancement she received because the offense involved the use of a firearm. (CV Dkt. No. 2 at 3.) On the contrary, the enhancement was well supported by the record, and an objection would have been unavailing.

The sentencing guidelines require a two-level increase if a dangerous weapon, including a firearm, was possessed during the offense. USSG § 2D1.1(b)(1). And the enhancement can be applied even where another individual involved in the commission of the offense possessed a weapon and the defendant could have reasonably foreseen that possession. *United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997).

The Court based its finding that Vickers's offense involved the possession of firearms on the following facts:

- On at least one occasion, Vickers accompanied Hawkins to trade methamphetamine for over 50 stolen firearms. (PSR ¶¶ 9, 27.)

- Vickers and Bentley sometimes worked together in trafficking methamphetamine, and Bentley routinely possessed firearms. (PSR ¶¶ 15, 27.)

- Vickers was present at Bentley's residence where drugs, drug paraphernalia, a homemade incendiary device, and several rounds of shotgun ammunition were found. (PSR ¶¶ 16, 27.)

In short, the evidence easily demonstrated that the offense involved the possession of firearms. Vickers offers no evidence other than her bald assertions to rebut these facts. Given these facts and the lack of rebuttal evidence, an objection to the enhancement

## DECLARATION/AFFIDAVIT

I SHAUNA VICKERS WAS REPRESENTED BY COUNSEL ON THE RECORD DID NOT REPRESENT ME THE BEST OF HER ABILITY. SHE TOLD ME NOT TO OBJECT TO THE PSR BECAUSE THE JUDGE WILL TAKE AWAY ACCEPTANCE. A LOT OF THINGS IN THE PSR WAS WRONG BUT I STILL LISTENED TO HER WHEN SHE TOLD ME NOT TO OBJECT. I TOLD HER THAT I HAD NO INVOLVEMENT WITH GUNS. WE BARELY WENT OVER THE PSR, I CAN BARELY READ AND WRITE AND COUNSEL WAS AWARE OF THIS. AT THE PLEA SHE TOLD ME TO JUST ANSWER YES TO EVERYTHING AND IF THE JUDGE ASKED ME ANYTHING ABOUT US GOING OVER ANY PAPERWORK, SHE TOLD ME TO JUST SAY YES. I TOLD HER ABOUT THE DRUG QUANTITY AND SHE TOLD ME SHE WOULD BRING IT UP AT SENTENCING AND SHE DID NOT. AFTER SENTENCING, SHE TOLD ME THAT IT WOULDN"T BE A GOOD IDEA TO FILE AN APPEAL BECAUSE THE COURT WOULD DENY IT AND I LISTENED TO HER BECAUSE I DIDN"T KNOW THAT ANOTHER SET OF JUDGES WOULD LOOK OVER THE CASE. I DON"T KNOW A LOT AND I NEED A LOT OF HELP. I NEEDED HELP DURING THE PROCEEDINGS AND HAD I HAD GOOD COUNSEL, I WOULD NOT HAVE GOTTEN THE AMOUNT OF TIME I RECEIVED. A LOT OF INCORRECT INFORMATION WAS IN MY PSR AND IT NEEDS TO BE CORRECTED.

*Shauna Vickers*
SHAUNA VICKERS

4-27-18
Date

I declare with a clear and sound mind of my own truth that the above statements are true and correct.



≈54670-177≈
Shauna Vickers
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442
United States

≈54670-177≈
Eldon B Mahon Us Courthouse
501 #310 W 10TH ST
FORT Worth, TX 76102
United States

Legal Mail