IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| SHAUNA LYNN VICKERS, | § |  |
| --- | --- | --- |
| Movant, | § |  |
| VS. | § | NO. 4:18-CV-154-A |
|  | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § |  |
| Respondent. | § |  |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Shauna Lynn Vickers ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On June 15, 2016, movant was named along with others in a one-count second superseding indictment charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 286. On October 7, 2016, movant appeared for rearraignment and pleaded guilty to the offense charged. CR Doc. 724. Movant signed a factual resume setting forth the penalties she faced, the elements of the offense, and the stipulated facts reflecting that she had committed each of the elements of the offense. CR Doc. 725. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 1458.

The PSR reflects that movant's base offense level was 36 and that she received two two-point enhancements for possession of a

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

firearm and for importation of drugs from Mexico. CR Doc. 1018 at 12, ¶¶ 37-39. Movant received a three-level reduction for acceptance of responsibility, giving her a total offense level of 37. Id. at 13, ¶ 47. Based on her total offense level and criminal history category of II, movant was subject to a term of imprisonment of 235 to 293 months' imprisonment. Id. at 24, ¶ 108. Movant gave notice stating that she had no objections to the PSR. CR Doc. 1260.

On February 24, 2017, movant was sentenced to a term of imprisonment of 235 months. CR Doc. 1247. At the conclusion of the sentencing hearing, the court admonished movant that she had the right to appeal and that the clerk of court would file a notice of appeal on her behalf if she specifically requested it. CR Doc. 1459 at 14. The court also pointed out:

> You and your attorney have been given a form that outlines certain rights and obligations in reference to an appeal. If you haven't already done so, I want both of you to review it and be sure you understand it, and once both of you are satisfied you understand it, I want both of you to sign it and return it to the court coordinator.
> Has that been done?

Id. Movant's counsel stated that it had been done. Id.; CR Doc. 1244. Movant did not appeal.

3

II.

## Grounds of the Motion

Movant asserts four grounds in support of her motion, worded as follows:

> GROUND ONE: Failure to properly consult with Vickers regarding an appeal.
>
> GROUND TWO: Failure to file objections to the PSR.
>
> GROUND THREE: Failure to challenge the firearm enhancement.
>
> GROUND FOUR: Failure to challenge the drug quantity attributed to Vickers.

Doc.[2] 1 at PageID[3] 4, 5, 6, and 8. In the spaces provided for a recitation of supporting facts, movant has written "see brief attached." Id.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID" reference is to the page number assigned by the court's electronic filing system.

4

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

In her motion, with regard to her failure to appeal, movant states: "Counsel told me that there was no need to file because there was nothing that would be done to reduce my sentence." Doc. 1 at PageID 3. In her memorandum, she explains:

> After sentencing, Vickers vaguely remember the events that occurred due to her lack of memory stems from several car accidents that resulted in blunt force trauma to her skull. (This information should be listed in her PSR)
>
> She consulted with counsel regarding different forms of relief. Counsel stated that there was nothing else that could be done regarding her sentence and even if relief was sough[t], the court would deny her relief. She believes that based on counsel's advice, she signed a waiver of appeal.[4] Due to her lack of memory, 5th grade level education, and due to counsel's failure to provide her with information pertaining to this waiver, she is unsure of her actions regarding the waiving her appeal.
>
> During proceedings, counsel has a constitutionally imposed duty to consult with the defendant about an appeal. When there is a reason to think that either a rational defendant would want to appeal and when the defendant reasonably demonstrated to counsel that she was interested in appealing, counsel had a constitutional duty to inform, consult, and act on the client's behalf. Full information requires more than the advice she was given after sentencing and at the time of sentencing. The constitution requires that the defendant be advised of the procedure and time limits involved and of his right to appoint counsel on appeal.

---

[4]There is no evidence to support this contention. Rather, it appears that movant's writ writer is attempting to anticipate a response from movant's attorney that she signed such a document.

7

> Consultation requires an "honest" effort to determine the client's wishes.
>
> Vickers argues that her appeal rights nor information concerning an appeal was explained to her. There is no record that would provide that the court or counsel gave full information about an appeal.
>
> Had counsel properly consulted with Vickers about an appeal, she believes that the grounds that could have been raised were meritorious. These grounds could have significantly reduced her sentence. Because counsel failed to provide any assistance about an appeal, she was prejudiced and denied the effective assistance of counsel.
>
> Because she believes that her case is one where a reasonable defendant would desire to appeal, and to remedy counsel's deficient performance, an evidentiary hearing should be granted, and Vickers should be appointed the effective assistance of counsel to file an appeal on her behalf.

Doc. 2 at PageID 1-2.

Stated simply, movant has set forth nothing more than conclusory allegations to support her first ground. The only facts she does allege support the presumption that she received effective assistance of counsel. That is, counsel advised her that there was no need to appeal because she could not have gotten a better sentence.[5] Whether she now recalls what transpired, movant admits that she and counsel conferred and she made the decision not to appeal. No other conclusion can be

---

[5] Counsel was correct. Movant was sentenced at the bottom of the guideline range and could not have hoped for a better sentence.

reached but that counsel consulted with movant. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); United States v. Pham, 722 F.3d 320, 323-24 (5th Cir. 2013). In addition, the court admonished her regarding her appellate rights and she signed the acknowledgment stating that she understood those rights, as her counsel verified in open court. She did not receive ineffective assistance of counsel.

In her reply, movant, perhaps relying on the advice of other inmates confined at the same facility who have recently appeared before the court on similar grounds, see Civil Action Nos. 4:18-CV-063-A and 4:17-CV-1012-A, now attempts to raise a wholly new ground, to wit, that she gave instructions to counsel to file an appeal and was coerced into waiving her right to appeal. Doc. 11 at PageID 52. This allegation is inconsistent with the ground raised in the motion and is inconsistent with the declaration attached to the reply, which again avers that her attorney told her it would not be a good idea to file an appeal and that she listened to that advice. Id. at PageID 56. Movant's constantly changing stories do not entitle her to a hearing.

Movant's remaining grounds could have been raised on appeal and cannot be raised by her motion. Davis, 417 U.S. at 345. In any event, movant has not alleged any facts that would support any of them. As her counsel advised, it would have been fruitless

9

and potentially counter-productive for movant to object to the PSR. Statements of her co-conspirators were sufficiently reliable to form the basis for the court's findings as to drug quantities. United States v. Rico, 864 F.3d 381, 386 (5th Cir. 2017). That other co-conspirators used or possessed weapons in connection with the conspiracy was clearly foreseeable by movant. United States v. Dixon, 132 F.3d 192, 202 (5th Cir. 1997). The PSR clearly establishes the factual basis for the enhancements. CR Doc. 1018. Counsel was wise to caution movant that she might have lost acceptance of responsibility had she objected. See United States v. Cothran, 302 F.3d 279, 284 (5th Cir. 2002).

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED May 4, 2018.

_____
JOHN McBRYDE
United States District Judge